UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA KLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1480 (JMB) |
| | ) | |
| STELLAR RECOVERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Debra Klein alleges that defendant debt collector Stellar Recovery, Inc., violated the Fair Debt Collection Protection Act (FDCPA) by asking her for contact information after being informed that she was represented by counsel. The parties have filed cross-motions for summary judgment.[1] All matters are pending before the undersigned with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.    Factual Background**

The parties' dispute centers on a single telephone call, a recording of which has been provided to the Court. On May 18, 2016, plaintiff called defendant to inquire about a debt in the amount of $176 that appeared on her credit report. Before plaintiff was connected with a representative, an automated voice prompted her to enter her phone number so that her records could be accessed. There was also an automated warning that defendant was a debt collector, the

---

[1] Plaintiff filed a motion for summary judgment and statement of uncontroverted facts, to which defendant filed a response in opposition. Plaintiff did not file a reply. Defendant also filed a motion for summary judgment and a statement of uncontroverted facts. Plaintiff did not file a response in opposition to defendant's motion or statement of facts and, as a consequence, the facts proffered by defendant are deemed admitted. E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of [uncontroverted facts] shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.")

communication was an attempt to collect a debt, and all information would be used for that purpose. After a short wait, plaintiff was connected to representative Sara Cook. Plaintiff explained that she had questions regarding the entry on her credit report. At Ms. Cook's request, plaintiff supplied the amount of the debt. Ms. Cook then recited an address in Florida and asked if it was current, to which plaintiff replied that the address was "old." At that point, Ms. Cook advised plaintiff that any information she provided would be used for the purpose of collecting a debt. Next, in response to a series of questions from plaintiff, Ms. Cook stated that the debt was for a Comcast account that became delinquent in July 2009, that no interest was being charged on the account, and that the file showed that defendant sent a letter to plaintiff at the old address in February 2015. Ms. Cook also supplied defendant's file number for the debt and Comcast's original account number.

Having acquired the details of the debt, plaintiff next asked Ms. Cook to update her account to reflect that she had hired an attorney to handle her debts. Ms. Cook asked for the name, address, and phone number of the attorney, which plaintiff provided. Ms. Cook then asked whether she could "update your mailing address in our system." Plaintiff assented and provided her current address. When asked whether there was an email address to put on file, plaintiff provided that as well. Ms. Cook then confirmed that plaintiff knew defendant's mailing address. Ms. Cook asked if plaintiff knew when her attorney would be in touch and plaintiff answered, "Not at this time." Ms. Cook stated that she would update plaintiff's information and asked if she could assist plaintiff with anything else. Plaintiff declined. Ms. Cook then stated that she had "a couple of numbers listed here on your file" and recited one. Plaintiff stated that the number was "no longer good." Ms. Cook then said, "And then the number you're calling in from is listed here. Is this a good number to call you on using our automated dialing system if

2

we need to?" Plaintiff stated, "No." Ms. Cook repeated that she would update plaintiff's information in defendant's system and the phone call was concluded. Defendant made no further attempt to contact plaintiff. Rachel Frady Affidavit at ¶ 8 [Doc. # 18-1]. Defendant asserts, and plaintiff does not contest, that the purpose of asking for plaintiff's current contact information was to ensure that the proper information was included in plaintiff's "consumer file with the credit bureaus and to advise Comcast of the updated information for its customer." [Doc. #19 at ¶ 6]; Frady Affidavit at ¶ 7.

## II.  **Legal Standards**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255. "Where parties file

3

cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law." Progressive Cas. Ins. Co. v. Morton, 140 F. Supp. 3d 856, 860 (E.D. Mo. 2015) (citations omitted).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. § 1692(a) and § 1692k(a)); see also Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) ("The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage.") (citations omitted). The FDCPA provides for strict liability and is to be construed liberally to protect consumers. Istre v. Miramed Revenue Grp., LLC, No. 4:14 CV 1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Oct. 7, 2014) (citation omitted).

To prevail on her claim that defendant violated the FDCPA, plaintiff must prove that she is a consumer; defendant is a debt collector; there was an attempt to collect a debt; and defendant violated, by act or omission, a provision of the FDCPA. Campbell v. Credit Prot. Ass'n, L.P., No. 4:12CV00289AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013) (citing Pace v. Portfolio Recovery Assocs., LLC, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012)). A debt collector who violates the FDCPA is liable for any actual damages sustained by the plaintiff in addition to statutory damages of up to $1,000 and attorney's fees. Id.;15 U.S.C. § 1692k(a).

### III. Discussion

Plaintiff's claim arises under 15 U.S.C. § 1692c(a), which provides in relevant part that "a debt collector may not communicate with a consumer <u>in connection with the collection of any debt</u> . . . if the debt collector knows the consumer is represented by an attorney with respect to

such debt . . ." § 1692c(a)(2) (emphasis added). Plaintiff asserts that defendant violated this provision by asking for her mailing address, email address, and telephone number after learning she had an attorney. Defendant argues that it is not liable under the FDCPA because its request for plaintiff's contact information was not a "communication in connection with the collection" of the debt.

Plaintiff has not addressed defendant's argument that the communications here were not an attempt to collect a debt. Instead, she makes the categorical assertion that, "once notified that [a debtor] has legal representation, defendants may only ask for the attorney's contact information before ending the call." [Doc. # 14 at p. 4, citing Hanks v. Valarity, LLC, No. 4:14-CV-01433-JAR, 2015 WL 1886960, at * 3 (E.D. Mo. Apr. 24, 2015)]. Hanks was a decision addressing a Rule 12(b)(6) motion in which the court accepted as true the allegation that the disputed communication was made in connection with the collection of a debt. Two other cases relied on by plaintiff also involved Rule 12(b)(6) motions which deemed the allegation of debt collection activity to be true. See Curtis v. Caine & Weiner Co., Inc., No. 4:15CV1721 CDP, 2016 WL 520987, at *2 (E.D. Mo. Feb. 10, 2016); Istre, 2014 WL 4988201. Plaintiff also cites Robin v. Miller & Steeno, P.C., No. 4:13CV2456 SNLJ, 2014 WL 3734318, at * 2 (E.D. Mo. July 29, 2014), a case decided at the summary judgment stage; however, it was undisputed that the communication at issue was an attempt to collect a debt. Thus, the cases plaintiff relies on do not address the central issue in this case and plaintiff has not established that she is entitled to summary judgment.

It is not necessary for a communication to include an "explicit demand for payment" to be considered "in connection with the collection" of a debt. Gburek v. Litton Loan Serv. LP, 614 F.3d 380, 385 (7th Cir. 2010). However, it is just as clear that "the statute does not apply to

5

*every* communication between a debt collector and a debtor." Id. at 384-85 (emphasis in original); see Sumner v. Smith, No. 3:11-CV-120, 2012 WL 4711995, at *4 (E.D. Tenn. Oct. 3, 2012) (dismissing § 1692c(a)(2) claim because letter and agreement to undo foreclosure sale and reinstate ownership of the property to plaintiff was informational and was "not the type of abusive, harassing or fraudulent communications the FDCPA seeks to prohibit."). The Eighth Circuit has joined the Third, Sixth, and Seventh Circuits in holding that, "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) (citing Simon v. FIA Card Servs., N.A., 732 F.3d 259, 266-67 (3d Cir. 2013); Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); and Gburek, 614 F.3d at 385). "[C]ommunications that include discussions of the status of payment, offers of alternatives to default, and requests for financial information may be part of a dialogue to facilitate satisfaction of the debt and hence can constitute debt collection activity." McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 245-46 (3d Cir. 2014) (citation omitted). By contrast, "[w]here a communication is clearly informational and does not demand payment or discuss the specifics of an underlying debt, it does not violate the FDCPA." Goodin v. Bank of Am., N.A., 114 F. Supp. 3d 1197, 1205 (M.D. Fla. 2015); see also Bailey v. Sec. Nat. Servicing Corp., 154 F.3d 384, 388-89 (7th Cir. 1998) (letter informing debtors of current status of their account and listing prospective due dates is not communication related to the collection of a debt).

In determining whether a particular communication was made in connection with the collection of a debt, courts examine the relationship between the parties, the purpose and context of the communication as a whole, and whether there is an explicit demand for payment.

6

Backlund v. Messerli & Kramer, P.A., 964 F. Supp. 2d 1010, 1014 (D. Minn. 2013). The language used in the communication is also a factor in determining whether it was made in connection with the collection of a debt. Thompson v. BAC Home Loans Serviceing, L.P., No. 2:09-CV-311-TS, 2010 WL 1286747, at *4 (N.D. Ind. Mar. 26, 2010). Finally, legitimate business inquiries and informational communications do not violate § 1692c(a)(2). Bieber v. Associated Collection Servs., Inc., 631 F. Supp. 1410, 1417 (D. Kan. 1986) (asking plaintiff whether she intended to file bankruptcy did not violate § 1692c(a)(2) where debt collector testified it wanted to avoid "wast[ing] time, effort and money in attempting to collect debts from a bankrupt debtor"); see also Salsbury v. Trac A Chec, Inc., 365 F. Supp. 2d 939, 941 (C.D. Ill. 2005) (§ 1692c(a)(2) not violated by debt collector's calls to inform debtor that it had "verified the attorney's representation and would not be contacting him again").

Applying the above considerations to this case the Court finds that defendant's request for plaintiff's contact information was not a communication in connection with the collection of a debt. First, plaintiff initiated the contact.[2] In addition, according to Ms. Cook — and unrefuted by plaintiff — defendant's only other attempt to contact plaintiff had been made more than a year earlier. Thus, the record does not establish that defendant was aggressively pursuing collection of this debt. Ms. Cook did provide information regarding "the specifics of the underlying debt," a factor than can establish the communication was an effort to collect a debt. See Goodin, 114 F. Supp. 3d at 1205. However, the recording makes it clear that she did so solely in response to plaintiff's request for specific information. Significantly, Ms. Cook did not

---

[2] The Court rejects defendant's argument that FDCPA liability does not arise where the consumer initiated the disputed contact. Indeed, claims under § 1692c(a)(2) frequently arise in the context of a call placed by the debtor. See, e.g., Curtis v. Caine & Weiner Co., Inc., No. 4:15CV1721 CDP, 2016 WL 520987, at *1 (E.D. Mo. Feb. 10, 2016) (denying motion to dismiss § 1692c(a)(2) claim where, when plaintiff called debt collector to give attorney's name, the debt collector asked her to set up a payment plan in lieu of her attorney representation). In this case, the fact that plaintiff placed the call is merely one factor relevant to determining whether the communication was an attempt to collect a debt.

7

ask plaintiff to make a payment, suggest a payment plan, or ask whether plaintiff intended to pay the debt. Finally, plaintiff does not refute defendant's assertion that it asked plaintiff for her current contact information in order to update plaintiff's "consumer file with the credit bureaus and to advise Comcast of the updated information for its customer." [Doc. #19 at ¶ 6]; Frady Affidavit at ¶ 7. The fact that defendant issued "mini-Miranda" warnings[3] does not alter the outcome. See Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998) ("[T]he mere fact that the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment.").

In conclusion, the undisputed material facts establish that defendant's request for plaintiff's contact information was not a "communication in connection with the collection of a debt" as required to establish liability under 15 U.S.C. § 1692c(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [Doc. # 13] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. # 17] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2017.

---

[3] The FDCPA requires debt collectors to meaningfully identify themselves and state that they are calling to collect a debt. Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 700 (D. Minn. 2012); § 1692e(11).